UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD HIBBERT,<br><br>               Petitioner,<br><br>v.<br><br>TIMOTHY WENGLER,<br><br>               Respondent. | Case No. 1:13-cv-00254-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Richard Hibbert's Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal. (Dkt. 11.) Petitioner has filed a Motion Not to Dismiss Action, which the Court construes as Petitioner's response to the Motion for Summary Dismissal. (Dkt. 13.) The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on November 18, 2013. (Dkt. 10.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. D. Idaho Loc. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Respondent's Motion for Summary Dismissal and dismissing this case with prejudice.

**MEMORANDUM DECISION AND ORDER 1**

# BACKGROUND

In June 1994, Petitioner pleaded guilty in the Fifth Judicial District of the State of Idaho, in Minidoka County, to one count of lewd conduct with a minor under the age of sixteen, in violation of Idaho Code § 18-1508, stemming from Petitioner's sexual abuse of his daughter. (State's Lodging B-4 at 1.) As part of the plea agreement, the prosecution agreed to recommend a 15-year term of imprisonment with 10 years fixed. (State's Lodging A-1 at 57-58.) The plea agreement and the prosecution's recommended sentence were not binding on the court. (*Id.*)

The trial court imposed a fixed life sentence. The court's decision was based on many aggravating factors, such as the fact that Petitioner kept his daughter as a prisoner in her own home, that he repeatedly forcibly raped her, and that he threatened to kill her, as well as several other people. (State's Lodging B-4 at 3.) At one point, Petitioner smuggled a knife into the courtroom and said it was for the prosecutor. (*Id.*) After carefully considering these factors, as well as several mitigating factors, the trial court found "to a high degree of certainty that, in fact, [Petitioner] would re-offend, including the possibility of killing his daughter." (*Id.*)

The Idaho Court of Appeals affirmed the conviction and sentence on July 7, 1995. (*Id.*) Petitioner did not file a petition for review with the Idaho Supreme Court, and the remittitur issued on July 31, 1995.

On January 16, 1998, Petitioner filed a petition for postconviction relief in the trial court. (State's Lodging C-1, D-1 at 62-67.) The state filed a motion for summary judgment, which the court granted on March 24, 1998. (*Id*.) Petitioner did not appeal the dismissal of his postconviction petition.

It appears that, on May 2, 2000, Petitioner may have attempted to file a successive petition for postconviction relief in state court. The record is unclear on this point. Although Petitioner evidently attached this May 2000 petition to a later successive petition, the attachment does not bear a file stamp showing that it was received by the state district court. (State's Lodging D-1 at 6-24.)

After this attempt to challenge his conviction, Petitioner waited over seven years before he filed another successive postconviction petition on February 27, 2008. (*Id*. at 4.) The state trial court dismissed the successive petition, and the Idaho Court of Appeals affirmed, concluding that the petition was untimely. (*Id*. at 165-76; State's Lodging E-11 at 4.) Petitioner did not petition the Idaho Supreme Court for review, and the remittitur issued on March 8, 2011.

Over a year later, in May 2012, Petitioner filed a motion for correction or reduction of sentence under Idaho Criminal Rule 35. (State's Lodging F-1 at 1-6.) The trial court denied the motion. (*Id*. at 21-24.) The Idaho Court of Appeals affirmed. (State's Lodging G-4.) Petitioner filed a petition for review with the Idaho Supreme

Court, which denied the petition and issued the remittitur on February 28, 2013. (State's Lodging G-6, G-7.)

Petitioner filed the instant federal Petition, at the earliest, on June 7, 2013. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding that if a prisoner is entitled to the benefit of the mailbox rule, a legal document is deemed filed on the date a Petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court); Rule 3(d) of the Rules Governing Section 2254 Cases. Petitioner raises three claims, which have been construed by the Court as follows: (1) that Petitioner's guilty plea was not knowing and voluntary; (2) that his sentence violates the Eighth Amendment; and (3) that he received ineffective assistance of counsel. (Dkt. 3 at 6-8; Dkt. 6 at 3.)

Respondent now moves for summary dismissal of the Petition, arguing that Petitioner's claims are barred by the statute of limitations and are procedurally defaulted. The Court need not address Respondent's procedural default argument. The Petition was filed after the one-year statute of limitations had already run. *See* 28 U.S.C. § 2244(d). Because Petitioner is not entitled to statutory or equitable tolling, the Petition must be dismissed with prejudice as time-barred.

**DISCUSSION**

1.      **Standard of Law Governing Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in the light most favorable to the petitioner.

1.      **The Petition Is Barred by the Statute of Limitations**

   A.      *Standard of Law*

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). AEDPA applies to this case because the Petition was filed after AEDPA's effective date. Where, as here, a petitioner's conviction became final before AEDPA was enacted, the federal petition must have been filed by April 24, 1997, one year after the effective date of AEDPA. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. First, AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, to the extent a petitioner properly filed an application for post-conviction relief or other

**MEMORANDUM DECISION AND ORDER  5**

collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed.

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can still hear the claims if the petitioner can establish that "equitable tolling" should be applied to toll the remaining time period. The limitations period may be equitably tolled only under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). To qualify for equitable tolling, a circumstance must have *caused* a petitioner to be unable to file his federal petition on time. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

**B.**     *The Petition Was Not Timely Filed*

In this case, absent tolling, limitations period expired on April 24, 1997. As noted above, Petitioner filed his Petition in this Court on June 7, 2013. Thus, the claims in the Petition are barred by AEDPA's one-year statute of limitation unless Petitioner establishes that he is entitled to statutory or equitable tolling.[1]

---

[1] The statute of limitations is also subject to an actual innocence exception. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Because Petitioner does not assert that he is actually innocent of the crime to which he pleaded guilty, the Court addresses only the issues of statutory and equitable tolling.

**MEMORANDUM DECISION AND ORDER  6**

i. Statutory Tolling

As set forth above, AEDPA's one-year limitations period is tolled for all of the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, Petitioner's first petition for state postconviction relief was filed on January 16, 1998, approximately nine months *after* the statute of limitations had already expired on April 27, 1997. (State's Lodging D-1 at 62-67.) Because AEDPA "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003), neither Petitioner's first postconviction petition, nor his successive postconviction petitions or Rule 35 motion, tolled any portion of the one-year statute of limitations.

ii. Equitable Tolling

Because statutory tolling does not apply, the Petition can be deemed timely only if Petitioner shows he is entitled to equitable tolling. As noted above, equitable tolling will apply if (1) Petitioner has pursued his rights diligently and (2) extraordinary circumstances stood in his way and prevented him from filing a timely federal petition. *Holland*, 130 S. Ct. at 2562. "Equitable tolling is justified in few cases, though. 'Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (alteration omitted) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). As to the diligence issue, the Supreme Court has held that a petitioner who "waited years,

**MEMORANDUM DECISION AND ORDER 7**

without any valid justification" to bring his postconviction claims in state court, and then waited "five more months after his [postconviction] proceedings became final before deciding to seek relief in federal court," had not acted diligently in pursuing his rights. *Pace*, 544 U.S. at 419.

Petitioner has not established extraordinary circumstances that would justify the application of equitable tolling in this case. Petitioner claims that after his conviction, he had trouble corresponding with his attorney because a prison employee refused to mail Petitioner's letters to that attorney. (Dkt. 13 at 2.) In 1995, Petitioner filed a federal civil rights action against the employee and the prison, alleging that Petitioner had been denied his right of access to the courts as a result of the employee's actions. This Court dismissed Petitioner's civil rights case on September 26, 1996, and final judgment was entered on October 24, 1996. (*See Hibbert v. ICI-O*, Case No. 3:95-cv-00512-EJL, Dkt. 21, 22.)

Even assuming the truth of Petitioner's allegations about the prison employee's actions twenty years ago, Petitioner has not shown that he has been diligent in pursuing his rights. Because this Court entered judgment in Petitioner's civil rights case in October 1996, Petitioner knew at that time that he had no viable claim against the prison on his access to courts claim and was on notice that he could not rely on such a claim to justify his continued inaction. However, Petitioner still did not pursue federal habeas relief within the six months that remained in the statute of limitations period. His postconviction petitions were also filed years apart, and Petitioner does not even attempt

**MEMORANDUM DECISION AND ORDER  8**

to explain these gaps in time. *See Pace*, 544 U.S. at 419.

Further, that Petitioner might have experienced difficulties in corresponding with his attorney in 1994, 1995, or 1996, does not establish that such difficulties "made it *impossible* to file [his] petition on time." *Ramirez*, 571 F.3d at 997 (emphasis added) (internal quotation marks and alteration omitted). Petitioner has simply not met his burden of showing that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition.

**2.     Conclusion**

Because Petitioner's conviction became final before AEDPA's effective date, he was required to file his federal habeas petition by April 24, 1997. Instead, he filed the Petition over sixteen years later, and he is not entitled to statutory or equitable tolling. Therefore, the Petition will be dismissed with prejudice as untimely.

**ORDER**

**IT IS ORDERED:**

1.  Respondent's Motion for Summary Dismissal (Dkt. 11) is **GRANTED**, Petitioner's Motion Not to Dismiss Action (Dkt. 13) is **DENIED**, and this entire action is **DISMISSED with prejudice** as untimely.

2.  The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of

the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **April 10, 2014**

Honorable Edward J. Lodge
U. S. District Judge